# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2019

Lyle W. Cayce
Clerk

No. 18-30628

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

TERRANCE TERZE COCHRAN,

      Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CR-251-1

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:*

Terrance Cochran pled guilty to illegal possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). He objected at sentencing to the application of a six-level "official victim" enhancement under the United States Sentencing Guidelines. We AFFIRM.

Cochran, after being pursued on foot by police officers for the commission of an offense, resisted one officer's efforts to handcuff him. While both men

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30628

were struggling on the ground, Cochran several times moved his hands toward his waistband. That movement raised a reasonable concern on the part of the officer that Cochran was reaching for a firearm. Eventually, the officer punched Cochran to prevent him from reaching his waistband. The officer suffered a broken finger as a result, which later required surgery. Once Cochran was subdued, the officers found a firearm in his waistband.

The relevant Guideline applies when, "in a manner creating a substantial risk of serious bodily injury, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom." U.S.S.G. § 3A1.2(c)(1) (2016). The Sentencing Commission commented that the enhancement applies "in circumstances tantamount to aggravated assault." § 3A1.2 cmt. n.4(A).

An assault occurs under that Guideline when a person attempts to use a firearm even if he or she "never reached the point of actually brandishing the gun or aiming it at the officer." *United States v. Houston*, 22 F.3d 1094, 1994 WL 198930, at *3 (5th Cir. 1994) (unpublished); *see* 5TH CIR. R. 47.5.3 (stating that unpublished cases decided prior to 1996 are precedent). Cochran's actions satisfy that standard.

On appeal, Cochran for the first time urges the court to use the Model Penal Code's definition of an "aggravated assault," which includes "attempts to cause . . . bodily injury to another with a deadly weapon." MODEL PENAL CODE § 211.1(2)(b). Cochran has failed to cite any relevant caselaw supporting his argument that the Model Penal Code definition should apply. Regardless, his actions satisfy that standard as well.

There was no error in applying the Guideline for an assault on an official victim. AFFIRMED.